Kern County

AZL # 327-98

INS CONTRACT
EFFECTIVE 6/98

ACL-8-3-0042

United States Department of Justice     Intergovernmental Service Agreement
Immigration & Naturalization Service    Housing Detainees                    Page 1 of 12

| 1. Agreement Number | 2. Effective Date DATE OF AWARD | 3. Requisition Number |
|---|---|---|
| ACL-8-3-0042 | | |

| 4. Issuing Office: Immigration and Naturalization Service Administrative Center ACLADO P.O. Box 30080 Laguna Niguel, CA 92607-0080  Contact Person: Alan J. Bensley, Contract Specialist  Phone: (714) 360-3100 | 5. Facility Name and Address: Lerdo Pre-Trial Jail Facility 17635 Industrial Farm Rd. Bakersfield, CA 93380  Kern County Lerdo Max/Med Facility 17635 Industrial Farm Rd. Bakersfield, CA 93380  Contact Person: Michael Soters, Assist Sheriff Phone: (805) 391-7390 |

6. Accounting & Appropriation Data:

| 7. Description of Agreement: Kern County Sheriff's Department shall provide for the housing, care and security, including clothing and medical care, of persons detained by the U.S. Immigration & Naturalization Service, in accordance with the terms and conditions set forth herein. | 8. Estimated Annual Costs: Estimated No. of Detainee Days Annually: Fixed Rate per Detainee Day: Estimated Annual Total:  SEE PARAGRAPH 13.2. |

9. Type of Detainee:   [X] Adult Male   [X] Adult Female   [ ] Juvenile Male   [ ] Juvenile Female

10. Government Entity Certification:

To the best of my (our) knowledge and belief, data submitted in support of this Agreement is true and current; this Agreement has been duly authorized by the governing body of the facility identified in Block 5; and the facility will comply with all PROVISIONS SET FORTH HEREIN.

_____   JUN - 9 1998   Pete H. Parra, Chairman
Signature                   Date           Name & Title (Typed or Printed)

Carl Sparks                 6-9-98         Carl Sparks, Sheriff-Coroner
Signature                   Date           Name & Title (Typed or Printed)

11. This Agreement is hereby entered and accepted for:

THE UNITED STATES OF AMERICA, by direction of THE COMMISSIONER OF THE IMMIGRATION & NATURALIZATION SERVICE.

_____                  10 June 98     LYNN P. KENTFIELD
Contracting Officer Signature              Date           Name (Typed or Printed)

**INTERGOVERNMENTAL SERVICE AGREEMENT**

Page 1

FEDERAL INMATES @ PREMISE.

TOTAL P.02

ACL-8-S-0042

# INTERGOVERNMENTAL SERVICE AGREEMENT

## ACL-8-S-0042

I. **PURPOSE:**

A. The purpose of this Intergovernmental Service Agreement (IGSA) is to establish a formal, binding relationship between the U.S. Department of Justice, Immigration & Naturalization Service (INS) and Kern County, CA (The County), for the detention and care of persons detained under the authority of the Immigration and Nationality Act, as amended.

B. This Agreement sets forth the responsibilities of INS and the County regarding services that the County will perform, and for which INS will pay the prescribed rate.

II. **COVERED SERVICES:**

A. The County shall provide for the housing, safekeeping, subsistence and other services for INS detainees within the County facility in a manner which is consistent with the terms of this agreement, the types and levels of services routinely afforded its own population, and all applicable laws, standards policies, procedures and court orders applicable to their facilities. Nothing in this agreement shall be construed to bind the INS to act in a manner contrary to applicable statues, regulation, policies, or judicial mandates.

B. The County shall guarantee that 112 beds are available to the INS on a daily basis, and 112 additional beds in the same single housing unit, for a maximum total of 224 beds. These 224 beds will be located at the Lerdo Pre-Trial Jail Facility in Bakersfield, CA. INS shall reimburse the County at a minimum flat daily fee of $7,056.00 (112 beds x $63.00), which equals $2,575,440.00 per year (365 x $7,056.00) regardless of the actual occupancy. The fee is based on a manday unit price of $63.00. INS shall pay the County an additional $63.00 per manday for each bed actually occupied beyond the guarantee of 112 up to the maximum unit capacity of 224. The County shall not house any persons other than INS detainees in this single housing unit without prior consultation with INS. This guaranteed minimum shall take effect as follows: Days 1-19, average 64 detainees and for Day 20 on, a minimum of 112. For a guaranteed total of 112 detainee beds. INS shall fund these beds through delivery orders.

ACL-6-S-0042

In the event that occupancy of the housing unit falls below 105 detainees for 30 consecutive days, the County shall negotiate a new guaranteed minimum occupancy in accordance with Paragraph 1 of article IX. This new minimum shall be effective no less than 90 days after agreement of parties.

C. The County shall also provide up to an additional 220 beds on a space availability bases in the Kern County Lerdo Max/Med Facility spread among the general population at the same manday rate of $63.00. INS shall fund these additional beds through delivery orders, and shall be liable only for those beds actually occupied.

III. SUPPORT AND MEDICAL SERVICES:

A. The County shall accept and provide for the delivery of health care services to INS detainees under the control of a designated health care authority to include on-site health care. On-site health care at the County's facility shall be furnished as part of the IGSA services at the County's expense. On-site health care services shall include, but not be limited to: initial medical screening with TB screening, and PPD planting and reading, sick call coverage, all over-the-counter medications, and local care and treatment of minor lacerations, sprains, contusions, etc.

B. The County shall ensure that all health care service providers utilized for INS detainees are licensed, certified by, and/or registered with the State of California and/or the City of Bakersfield, as required by those jurisdictions.

C. For health care delivered in the County's facility, the County shall provide equipment, supplies and materials as determined by the Health Authority, the employee of the County to whom they have delegated the responsibility for the facility's health care services, including arrangements for all levels of health care and the ensuring of quality and accessibility of all health services provided to all inmates and detainees.

D. The County shall provide written instructions for gaining access to health care services to the detainees. It shall explain those procedures to all detainees in each detainee's native language with special emphasis given to detainees who are unable to read. The County may utilize commercial telephone language interpretive services to fulfill this requirement. INS will reimburse the County for any costs associated with providing this service. The County shall submit claims for these services with the regular monthly billing accompanied with an invoice that indicates the amount that the County paid for the services. The County shall not use detainees for translation services, except in emergency situations. If the County does use detainees for translation services, it shall notify INS within 24 hours.

ACL-8-S-0042

E. The County shall provide on-site medical and health care coverage for all INS detainees at the facility for at least eight (8) hours per day, seven (7) days per week. Coverage shall be provided at a minimum by a registered nurse. The County shall ensure that each detainee's written health complaints are solicited and delivered to the medical and health care staff for appropriate follow-up. Sick call shall be conducted on-site daily at the facility by a physician or qualified health personnel (no less than registered nurse). Detainees with chronic conditions shall receive appropriate follow-up and treatment. The County shall have an off-site medical provider (or hospital emergency room) available at all times for emergencies.

F. The County shall provide for medical screening upon arrival at the facility, including Tuberculosis symptom screening and history of past and present illnesses of each detainee. Health care personnel or Health trained personnel will perform the screening. The County shall test each detainee in custody at the facility for 7 days or longer for Tuberculosis (TB) with a PPD test unless there is a documented history (within 6 months) of a TB test.

G. The County shall not provide eyeglasses, cosmetic dental prosthetics or other dental care for cosmetic purposes to INS detainees without prior INS authorization.

H. The County shall request approval from INS prior to any off-site, non-emergency medical treatment. In an emergency, the County shall obtain the necessary medical treatment required to preserve the detainee's health. The County's Health Authority, or that person's designee(s), shall notify INS of such treatment within two hours or as soon as practicable. The County shall direct the hospital or other health care facility to bill INS directly (at the same address specified in Article VIII for County invoices), for all costs associated with services provided to INS detainees for off-site treatment.

I. The County shall be responsible for providing the necessary guards for security of detainees placed in outside medical facilities for the initial period of 8 hours. The parties agree that the County shall provide guards beyond the initial 8-hour period, reimbursable at the regular hourly rate of $33.62. Absent such an agreement, INS shall be responsible for providing the necessary guards at the end of the initial 8-hour period. The County shall not, however, remove its guards until INS personnel relieve them. The County shall submit a separate invoice for such guard services with its regular monthly billing.

J. If the County determines that an INS detainee in the custody of the County has an unacceptable medical condition, the County shall notify INS and request removal of the detainee from the facility. The County agrees to allow the INS at least 2 hours from the time of notification to make proper arrangements for further disposition of the detainee.

ACL-8-S-0042

K. The County shall not charge any person detained in the custody of the INS any additional fee for medical services or treatment provided at the County Facility.

IV. **RECEIVING AND DISCHARGING DETAINEES:**

A. The County shall receive and discharge such detainees only from and to either properly identified INS personnel or other properly identified Federal law enforcement officials with prior authorization from INS.

The County shall provide receiving and discharging services twenty-four (24) hours per day, seven (7) days a week. INS shall provide the County with adequate notice of detainee receiving or discharge activity. The County shall ensure positive identification and recording of detainees and INS officers. The County shall not permit medical or emergency discharges except through coordination with on-duty INS officers.

B. The County shall not release INS detainees from its physical custody to any persons other than those described in Paragraph 1 of this Article for any reason, except for either medical or other emergent situations, or in response to a Federal Writ of Habeas Corpus. If an INS detainee is sought for federal, state or local court proceedings, only the INS may authorize release of the detainee for such purposes. The County shall contact INS immediately regarding any such requests.

C. In the event of an emergency requiring evacuation of the Facility, the County shall evacuate INS detainees in the same manner, and with the same safeguards, as it employs for persons detained under the County's authority. The County shall notify INS within three hours of such evacuation.

D. The County official in charge of the Facility, or designee, retains final and absolute right either to refuse acceptance, or request removal, of any detainee exhibiting violent or disruptive behavior, or of any detainee found to have a medical condition that requires medical care beyond the scope of the County's health provider. In the case of a detainee already in custody, the County shall notify the INS and request such removals, and shall allow the INS adequate time to make alternative arrangements for the detainee.

V. **STANDARDS, INSPECTIONS AND TECHNICAL COMPLIANCE:** The County shall meet or exceed the following standards:

A. The County shall allow INS to conduct inspections of the facility, as required to ensure an acceptable level of services and acceptable conditions of confinement as determined by the INS.

ACL-8-5-0042

No notice to the County is required prior to an inspection. INS shall conduct such inspections in accordance with the Jail Agreement Inspection Report, a copy of which is included as Attachment A to this agreement. The INS shall share the findings of such inspections with the facility administrator in order to promote improvements to facility operations, conditions of confinement and levels of services. If the County fails to remedy deficient levels of services or conditions of confinement as identified by INS inspection, the INS may terminate this Agreement in accordance with Article VI below. The County shall disclose to INS, any and all public results, or copies of facility inspections, reviews, surveys or other forms of examinations.

B. The County shall notify and obtain approval from the INS if it intends to house INS detainees either in a facility other than that specified in Paragraph 2 of Article II above, or in a facility owned and operated by another entity. The INS likens the relationship of the County and the facility owner as a subcontractor to the County.
The INS will make payments only to the County. The County is responsible for making payments to the subcontractor. INS shall not be deemed to have privity of contract with, and will not honor any invoices from a subcontractor. The County shall ensure that any subcontract includes all provisions of this Agreement, and shall provide INS with copies of all subcontracts either prior to execution of this Agreement if in existence at that time, or within 24 hours if executed subsequent to that date.

C. The County shall afford INS detainees access to public telephones with no less availability than other persons detained in the facility. At a minimum, INS detainees shall have access to telephones in booking/receiving areas, day rooms and recreation areas. In as so far as technologically possible, INS detainees shall have access to operable telephones at a ratio of not more than 25 detainees per telephone.

D. The County shall afford INS detainees reasonable visitation with legal counsel, foreign consular officers, family members and representatives of pro bono organizations and surety companies approved by the INS. INS detainees shall have no fewer or less visitation privileges than other persons detained in the facility.

E. INS detainees shall be afforded access to legal materials for use in the individual cases and to address other legal matters related to their Immigration proceedings. INS shall provide the County with the required materials. The County shall provide a room to serve as a "library" at no additional cost to INS and accessible to INS detainees at regular times. Upon a detainees request, at its option, the INS may provide materials directly to, or transport the detainee to another location where the materials are available for use.

ACL-8-8-0042

F. Consistent with the maintenance of security and the good order of the facility, the County shall afford INS detainees access to group legal rights presentations by organizations recognized by the INS. Such presentations shall be made at times mutually agreeable to the INS, the County and the legal rights groups. The presentations shall be for the purpose of expediting and facilitating the detainees Immigration proceedings. The County shall provide a room for such presentations at no additional cost.

G. The County shall provide INS detainees with access to recreational programs and activities to the extent possible, under conditions of security and supervision to protect their safety and welfare.

H. The County shall provide INS detainees with a mechanism for confidential communication with the INS officials designated in Article XII for the purposes of determining and resolving issues regarding their case's status, and grievances and other issues related to their custody. The mechanism may be through electronic, telephonic, or written means, but shall ensure the confidentiality of the issue and the individual detainee.

I. The County shall, when applicable, have a policy, procedure and practice of inmate/detainee classification which, at a minimum, separates persons in custody by sex, age of majority and by risk of violence to other detainees.

J. The County shall provide the necessary guard personnel to ensure that there is 24-hour visual supervision of detainees in a dormitory type setting. For individual cell operations, the County will conduct at least hourly safety checks of detainees through direct visual observation.

K. The County shall comply with all applicable fire and life safety codes, and maintain smoke and fire detection equipment in the facility.

L. The County shall provide a minimum of three (3) nutritionally balanced meals in each 24-hour period (i.e. calendar day) for each detainee. These meals shall provide a total of at least 2,400 calories per 24 hours. There will be no more than 14 hours or fewer than 4 hours between meals. A minimum of two hot meals will be provided in a 24-hour period.

M. The County shall provide appropriate 24-hour emergency medical care, and emergency evacuation procedures.

N. The County shall provide a mattress with a mattress cover and when appropriate, a blanket, for each detainee held overnight.

O. The County shall not require any person it is detaining on behalf of INS to work or perform labor, other than to maintain their immediate living area.

VI. **PERIOD OF PERFORMANCE:**

This Agreement shall remain in effect indefinitely, or until terminated by either party upon 90 days written notice, unless an emergency situation requires the immediate relocation of detainees in accordance with Paragraph 3 of Article IV of this Agreement.

VII. **PER DIEM RATE AND ECONOMIC PRICE ADJUSTMENT:**

A. INS shall reimburse the County at the fixed man day rate identified in Article II for either the minimum guaranteed or the actual number of detainees, which ever is greater. The per diem rate covers one (1) person per detainee man day up to the minimum guarantee of 112 beds referenced in Paragraph 2 of Article II, Covered Services. The County may bill for the day of arrival but not for the day of departure. Thus, the County shall not bill INS for two days when a detainee is admitted one evening and removed the following morning.

B. The parties shall not adjust per diem rates until at least 12 months from the execution of this agreement. Any adjustment to the per diem rate shall be the result of either (1) an increase or decrease in the actual costs associated with the operation of the facility by the County during the latest annual accounting period for which data is available; (2) for which a formal report or audit was issued;
or (3) as provided for in an approved annual operation budget for the facility. The parties shall not make any future adjustments more frequently than 12 months after the signed date of the contract.

C. The parties shall make all rate adjustments on the basis of data submitted and within ninety (90) calendar days before each annual anniversary of the initial Agreement's execution. The County shall provide the necessary cost information to support any requested per diem rate increase, and permit an audit of accounting records upon request of the INS. Criteria used to evaluate the increase or decrease in the per diem rate shall be those specified in the current edition of the United States Office of Management and Budget Circular A-87, Cost Principles for State and Local Governments (a copy of which is included as Attachment B to this Agreement), or in accordance with superseding guidance. INS shall provide the County with any revised additions.

D. The parties shall negotiate the effective date of any rate adjustment and specify that rate on the IGSA modification form approved and signed by the INS Contracting Officer and by the Authorized County Official. The effective day of any rate modification shall be on the first day of the month following signature.

ACL-S-S-0042

VIII. **FINANCIAL PROVISIONS:**

A. **INVOICING:**

1. The County shall submit original invoices to:

    Immigration & Naturalization Service
    Administrative Center, ACLPIN
    P.O. Box 30080
    Laguna Niguel, CA 92607-0080

2. The County shall submit a duplicate original to:

    Immigration & Naturalization Service
    Detention & Deportation Branch
    ATTN: Tony Marian
    630 Sansome St.
    San Francisco, CA 94111-2280

B. The County shall submit original and duplicate original invoices monthly for services of the preceding month to the INS office designated to receive invoices as stated in Paragraph A above. To be certified for payment, an invoice must include the name, address, and phone number of the designated payment office, and a listing of each detainee, the specific dates of confinement for each, the total days to be reimbursed, the agreed upon rate per day, and the total amount billed (total days multiplied by the rate per day). Note: The invoice shall be for a minimum amount equal to 112 times the current manday rate.

C. In accordance with the Prompt Payment Act (31 U.S.C. 1801), payment under this Agreement will be due on the thirtieth (30) calendar day after receipt of a properly certified invoice, in the office designated to receive the invoice (see Paragraph 1 of this Article). The date of the check issued in payment shall be considered to be the date payment is made. The Act also requires payment of interest on overdue payment. INS shall determine the amount of any such payment.

IX. **MODIFICATIONS AND DISPUTES:**

A. Subject to the limitations of Article VII above, either party may initiate a request for modification to this IGSA. Such requests must be in writing from an authorized representative of the party proposing the amendment. An authorized representative of the other party must approve the request in writing before it shall be effective. For INS, only the Contracting Officer may propose or approve modifications.

ACL-8-S-0042

For the County, the official signing this Agreement shall be deemed the "appropriate County official" to propose or approve modifications unless the County designates some other official(s) in an addendum to this Agreement. This IGSA constitutes the entire Agreement between the parties, and actions by other than those identified or designated within the Agreement shall not bind or incur liability on behalf of the parties.

B. Disputes, questions, or concerns pertaining to this Agreement shall be resolved between the INS Contracting Officer and the appropriate County official. No resolution may explicitly or implicitly alter the terms and rates contained in this Agreement unless set forth in a formal modification approved by both the Contracting Officer and the appropriate County official.

X. **EMPLOYMENT OF UNAUTHORIZED ALIENS:**

Subject to existing regulations, laws, Executive Orders and other provisions of this Agreement, the County shall not employ aliens unauthorized to be employed in the United States to perform any services covered by this agreement.

XI. **INSURANCE, INDEMNIFICATION AND HARMLESS PROVISIONS:**

A. The INS, which is self-insured, shall, subject to the availability of funds, save and hold harmless and indemnify the County against any and all liability claims and costs of whatever kind and nature, for injury to or death of any person(s), or loss or damage to any property, which occurs in connection with or incident to performance of work under the terms of this Agreement, and which results from negligent acts or omissions of INS' officers or employees, to the extent that INS would be liable for such negligent acts or omissions under the Federal Tort Claims Act, 28 USC §2691 et seq.

B. The County, which is self-insured, shall save and hold harmless and indemnify the Government to the extent allowed by California law against any and all liability claims, and costs of whatsoever kind and nature for injury to or death of any person or persons and for loss or damage to any property occurring in connection with, or in any way incident to or arising out of the occupancy, use, service, operations or performance of work under the terms of this Agreement, resulting from the negligent acts or omissions of the County, or any employee or agent of the County. In so agreeing, the County does not waive any defenses, immunities or limits of liability available to it under state or federal law.

C. The County shall do nothing to prejudice INS' right to recover against third parties for any loss, destruction of, or damage to U.S. Government property.

ACL-8-S-0042

Upon request of the Contracting Officer, the County shall, at the INS' expense, furnish to INS all reasonable assistance and cooperation, including assistance in the prosecution of suit and execution of the instruments of assignment in favor of INS in obtaining recovery.

D.   County employees or officials who provide services under this agreement shall not be considered Federal Employees for any purpose, including the Federal Tort Claims Act.

XII. **INDIVIDUALS AUTHORIZED TO PLACE ORDERS:**   The following individuals are authorized to place orders for the detention services under the terms of this IGSA and to authorize discharges, medical treatments, and any other actions, for which the Agreement requires INS authorization, until such time as the Contracting Officer notifies the County in writing that INS has withdrawn their authority.

| Name and Title | Phone |
|---|---|
| Tony Marian<br>Assistant District Director<br>Detention and Deportation | (415) 705-4518 |
| Michael Lazarraga<br>Supv. Detention and Deportation Officer<br>Detention and Deportation | (805) 861-4469 |

XIII. **ADDITIONAL AUTHORIZED USERS OF THIS AGREEMENT**

To avoid a duplication of resources and effort, other Federal agencies (e.g., the United States Marshals Service and the Federal Bureau of Prisons) are authorized to use this agreement. The County will be notified prior to such usage-taking place. The same rates and services will be extended to the authorized users.

XIV. **AUTHORIZATION AND NOTICE**

Whenever any portion of this agreement requires either authorization by, or notice to, INS, the County shall obtain authorization from, or provide notice to, one of the persons listed in Article XII as supplemented in writing by the Contracting Officer - except for those instances when the agreement requires the approval of the Contracting Officer.

ACL-8-S-0043

XV. **LIST OF ATTACHMENTS:**

A.  JAIL AGREEMENT INSPECTION REPORT (Form G-324)

B.  OMB CIRCULAR A-87, COST PRINCIPLES FOR STATE AND LOCAL GOVERNMENTS