1  MELINDA HAAG (SBN 132612)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  ABRAHAM A. SIMMONS (SBN 146400)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, 9th Floor
5      San Francisco, California 94102-3495
       Telephone:   (415) 436-7264
6      Facsimile:   (415) 436-6748
       Email:       abraham.simmons@usdoj.gov
7
   Attorneys for United States
8
                   UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN FRANCISCO DIVISION
11

12 | DORA BAIRES, individually and on behalf ) | No. C 09-5171 CRB
   | of the estate of JUAN CARLOS BAIRES;  )
13 | and TEOFILO MIRANDA, an individual,    ) | **E-FILING CASE**
                                            )
14 |                Plaintiffs               )
                                            )
15 |        v.                               ) | **DECLARATION OF**
                                            ) | **BRIAN MYRICK**
16 | THE UNITED STATES OF AMERICA;          ) | **IN SUPPORT OF**
   | THE DEPARTMENT OF HOMELAND              ) | **MOTION TO DISMISS OR FOR**
17 | SECURITY; UNITED STATES                 ) | **SUMMARY JUDGMENT REGARDING**
   | IMMIGRATION AND CUSTOMS                 ) | **PLAINTIFFS'**
18 | ENFORCEMENT; THE DIVISION OF           ) | **SECOND AMENDED COMPLAINT**
   | IMMIGRATION HEALTH SERVICES;           )
19 | THE OFFICE OF DETENTION AND            )
   | REMOVAL;                                )
20 | JOHN P. TORRES, an individual;         ) | Date:   March 11, 2011
   | JAMES T. HAYES, an individual;         ) | Time:   10:00 a.m.
21 | NANCY ALCANTAR, an individual;         ) | Place:  Courtroom 8, 19th Fl.
   | TIMOTHY AIKEN, an individual;          ) | Before: Hon. Charles R. Breyer
22 | BRIAN MYRICK, an individual;           )
   | THE COUNTY OF KERN; KERN               )
23 | COUNTY SHERIFF'S DEPARTMENT;           )
   | KERN MEDICAL CENTER; LERDO             )
24 | DETENTION FACILITY; DONALD             )
   | YOUNGBLOOD, an individual;             )
25 | KHOSROW MOSTOFI, M.D., an              )
   | individual; UNKNOWN ICE OFFICIALS;     )
26 | UNKNOWN LERDO CORRECTIONAL             )
   | OFFICERS; UNKNOWN LERDO                )
27 | MEDICAL STAFF; UNKNOWN LERDO           )
   | ADMINISTRATORS; UNKNOWN KERN           )
28 | MEDICAL CENTER STAFF and DOES          )
   |     1 through 100,                     )
   |                Defendants.             )

I, Brian J. Myrick, declare as follows:

1. I am a Deportation Officer employed by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), Office of Enforcement and Removal Operations ("ERO"), in Bakersfield, California. ERO is the component within ICE which is primarily responsible for the identification, apprehension, detention, and removal of illegal aliens from the United States. I have been employed as a Deportation Officer since August of 2007. The statements contained in this declaration are based upon my personal knowledge.

2. Among my duties as a Deportation Officer are (1) receiving a list of immigration detainees that are assigned to me, (2) ensuring that such detainees obtain travel documents from their respective governments and (3) responding to concerns of detainee representatives. In general, I have no occasion to meet detainees unless and until an interview is scheduled. Interviews generally are scheduled between detainees and consulate representatives (from the detainee's government) as part of the process for obtaining travel documents.

3. In October of 2008, I was one of the Deportation Officers that handled detainees in the Bakersfield Area. Many such detainees were held at the contract facility referred to as Lerdo Pre-trial Detention Facility in Kern County ("Lerdo").

4. I do not have the authority to decide at which institution any particular detainee will be housed. I do not provide medical attention to detainees. I am informed and aware that contracting facilities, such as Lerdo, agree as part of their contract to provide medical care to detainees. I have no role in the creation or maintenance of the contract between the United States and Kern County for the housing of detainees.

5. Juan Carlos Baires was one of the detainees that was assigned to me in October of 2008. I never met Mr. Baires. This is not unusual as it is my recollection Mr. Baires was not scheduled to have an interview within the time he was detained by ICE in Kern County.

6. On October 27, 2008, I reviewed for the first time a letter dated October 24, 2008, from Linda Tam that was delivered to my office via facsimile. I am aware of the allegations suggesting I reviewed the letter on October 24, 2008, and ignored its contents until October 27, 2008. This simply is not true. To the best of my recollection, the first time I became

Declaration of Brian Myrick
In Support of Motion to Dismiss
No. C 09-5171 CRB                          1

aware of the letter was on the morning of Monday, October 27, 2008. Moreover, even if I had received the letter in the evening of Friday, October 24, 2008, I believe this would have made little difference because I generally was unable to reach Lerdo's medical staff after 3:30 p.m. on a Friday.

7. After I received the October 24, 2008, letter, I responded by calling my contact at the Lerdo infirmary, a registered nurse named Deann (I do not know her last name). As is stated in the plaintiffs' Second Amended Complaint, on October 27, 2008, I told RN Deann that Baires' representative had concerns regarding whether he had access to the proper medications for his medical condition. RN Deann responded with information regarding Baires' condition– including sufficient then-confidential information– to assure me that Baires (1) was not being denied access to medication and (2) would be seen in a timely manner by the appropriate medical personnel. I was made aware that Kern County did not yet have, but was seeking, additional information from other sources regarding Baires' medical condition. Nothing in my conversation with RN Deann suggested that Baires was in danger of being denied timely access to medication or medical attention.

8. I do not recall ever being assigned to a detainee by the name of Teofilo Miranda. I declare the above to be true to the best of my knowledge and belief.

_____
BRIAN MYRICK

Declaration of Brian Myrick
In Support of Motion to Dismiss
No. C 09-5171 CRB                                2