1   James M. Wood (SBN 58679)
    Jayne E. Fleming (SBN 209026)
2   Amy Lifson-Leu (SBN 260062)
    Katie B. Annand (SBN 260343)
3   REED SMITH LLP
    101 Second Street, Suite 1800
4   San Francisco, CA  94105-3659
    Telephone:    +1 415 543 8700
5   Facsimile:    +1 415 391 8269

6   Attorneys for DORA BAIRES, individually, and
    on behalf the estate of JUAN CARLOS
7   BAIRES; and Teofilo MIRANDA, an
    individual.

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11   DORA BAIRES, et al.,                    No.:  C 09-05171 CRB

12                  Plaintiffs,              **PLAINTIFFS DORA BAIRES AND
                                             TEOFILO MIRANDA'S OPPOSITION TO
13        vs.                                BRIAN MYRICK'S MOTION TO DISMISS,
                                             OR IN THE ALTERNATIVE, FOR
14   THE UNITED STATES OF AMERICA, et al.,   SUMMARY JUDGMENT**

15                  Defendants.

16

17                                           Complaint Filed:      October 30, 2009

18                                           Date:      March 11, 2011
                                             Time:      10:00 am
19                                           Place:     Hon. Charles R. Breyer
                                                        Courtroom 8

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TABLE OF CONTENTS**

**Page**

I .     INTRODUCTION ................................................................................................................1

II .    FACTUAL BACKGROUND.............................................................................................1

III .   LEGAL ANALYSIS............................................................................................................3

        A.      Standard of Review.................................................................................................3

        B.      Plaintiffs Have Alleged Facts Sufficient to State a Bivens Claim Against
                Myrick.......................................................................................................................5

        C.      Plaintiffs Have State a Claim for Deliberate Indifference. ...........................6

IV .   CONCLUSION....................................................................................................................9

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

1

## TABLE OF AUTHORITIES

2

### CASES

3

Arpin v. Santa Clara Valley Transp. Agency,
    261 F.3d 912 (9th Cir. 2001) ..............................................................................................3-4

4

5

Ashcroft v. Iqbal, ___U.S. ___,
    129 S. Ct. 1937 (2009)..............................................................................................................6

6

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007)..................................................................................................................3

7

8

Cabo Distributing Co., Inc. v. Brady,
    821 F. Supp. 601 (N.D. Cal. 1992) ..........................................................................................3

9

Estelle v. Gamble,
    429 U.S. 97 (1976)....................................................................................................................7

10

Farmer v. Brennan,
    511 U.S. 825, 833 (1970)..........................................................................................................7

11

12

Harrison v. Ash,
    539 F.3d 510 (6th Cir. 2008) ....................................................................................................8

13

Hathaway v. Coughlin,
    99 F.3d 550 (2d Cir. 1996) .......................................................................................................7

14

15

In re Rothery,
    143 F.3d 546 (9th Cir. 1998) ....................................................................................................5

16

Jones v. Blanas,
    393 F.3d 918 (9th Cir. 2004) ....................................................................................................7

17

18

L.W. v. Grubbs,
    974 F.2d 119 (9th Cir. 1992), *cert. denied,* 508 U.S. 951, 113 S.Ct. 2442, 124 L.Ed.2d
    660 (1993)..................................................................................................................................9

19

20

Lopez v. Smith,
    203 F.3d 1122 (9th Cir. 2000) ..................................................................................................8

21

Papa v. United States,
    281 F.3d 1004 (9th Cir. 2002) ..................................................................................................8

22

23

Parks School of Business, Inc. v. Symington,
    51 F.3d 1480 (9th Cir. 1995) ....................................................................................................3

24

25

Penilla v. City of Huntington Park,
    115 F.3d 707 (9th Cir.  1997) ...................................................................................................8

26

Wakefield v. Thompson,
    177 F.3d 1160 (9th Cir. 1999) ..................................................................................................8

27

Wong v. United States,
    373 F. 3d 952, 966 (9th Cir. 2004) ...........................................................................................5

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

Wood v. Ostrander,
   879 F.2d 583 (9th Cir.1989), *cert. denied,* 498 U.S. 938, 111 S.Ct. 341, 112 L.Ed.2d
   305 (1990)..............................................................................................................................9

**RULES**

Fed. R. Civ. P. 12(b)(6)............................................................................................................4

Fed. R. Civ. P. 12(d) ................................................................................................................5

Fed. R. Civ. P. 26..................................................................................................................4, 5

Fed. R. Civ. P. 56(c)(2)............................................................................................................4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      INTRODUCTION

Plaintiffs Dora Baires ("Baires") and Teofilo Miranda ("Miranda") bring this suit on the grounds that Miranda and Baires' son, Juan Carlos Baires ("Juan Carlos") received grossly inadequate medical care while in the custody of the Department of Homeland Security ("DHS"), and Immigration and Customs Enforcement ("ICE"), and while incarcerated in the Lerdo Detention Facility ("Lerdo") in Kern County.  Juan Carlos died as a result of the inadequate medical care.  Plaintiffs allege that Defendant Brian Myrick ("Myrick") was personally involved in violating Juan Carlos' constitutional rights and that he knew or should have known that Juan Carlos' did not receive adequate medical care.  Myrick introduces evidence outside the pleadings in an attempt to show that he was not responsible for the failure to provide adequate medical care to Juan Carlos.  Nevertheless, this evidence, which should not be considered at this stage in the first place, only confirms that Myrick was personally involved in Juan Carlos' care, and creates genuine issues of material fact.  Accordingly, Plaintiffs have alleged sufficient facts to bring a claim against Myrick, and Myrick's Motion should be denied.

## II.      FACTUAL BACKGROUND

DHS and ICE detained Juan Carlos from September 18, 2008, to November 12, 2008.  *See* Second Amended Complaint ("SAC") at ¶¶ 78, 105.  For part of this time Juan Carlos was held at Lerdo.  Myrick was the Deportation Officer assigned to Juan Carlos.  *See* SAC at ¶ 81.  During his 54-day incarceration, federal and county officers, medical providers, and medical personnel acting as agents for the federal government, documented that Juan Carlos was HIV-positive and required HIV medications to guard against life-threatening infections and death.  *See e.g.*, SAC at ¶¶ 79, 83, 84.  Nevertheless, the defendants, including Myrick, consciously disregarded Juan Carlos' need for medical care, treatment and HIV medications.  *See e.g.*, SAC at ¶¶ 85, 97.

On October 20, 2008, Juan Carlos was transferred from Santa Rita jail, where he had initially been held, to Lerdo.  *See* SAC at ¶ 81.  Plaintiffs allege that Ms. Tam, Juan Carlos' immigration lawyer, faxed copies of Juan Carlos' immigration court documents to Myrick, which included documentation that Juan Carlos was HIV-positive.  *See id*.  Despite this, Juan Carlos did not receive HIV medication at Lerdo even though he informed Lerdo personnel that he was HIV-

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

1    positive and had been taking HIV medicine.  *See* SAC at ¶ 83.  On October 24, 2008, Ms. Tam sent

2    another urgent fax to Myrick again notifying Myrick that Juan Carlos was HIV-positive and

3    requesting that Myrick immediately obtain HIV medications for Juan Carlos.  *See* SAC at ¶ 85.  Ms.

4    Tam's fax made it clear that Juan Carlos had not received his HIV medications for days, and that he

5    needed immediate access to these medications.  Ms. Tam also sent a letter from Juan Carlos' doctor

6    emphasizing that Juan Carlos must receive continuous HIV care.  *See id*.  Myrick, however, failed

7    to act until three days later.  On October 27, 2008, he placed a call to medical personnel at Lerdo.

8    *See id*.  No action was taken in response to his call, and Juan Carlos continued to be denied the life-

9    saving HIV care and medications he needed.

10        By late October, Juan Carlos had developed severe pain in his left foot.  *See* SAC at ¶ 86.

11   When his mother, Plaintiff Dora Baires, visited Juan Carlos on November 1, 2008, she observed

12   that he was in significant pain and was dragging his left foot behind him.  *See* SAC at ¶ 89.  His face

13   was red from the discomfort.  *See id*.  Juan Carlos also began suffering debilitating migraines, likely

14   as a result of the fact that he continued to be denied any type of HIV care or medication.  *See* SAC

15   at ¶ 86.

16        Over the next few weeks, Ms. Tam continued to contact Myrick to notify him that Juan

17   Carlos was not receiving HIV medication.  *See* SAC at ¶ 97.  Again, Juan Carlos' medical charts

18   show no indication that Myrick contacted Lerdo personnel in response to Ms. Tam's

19   communications.  *See id*.  Juan Carlos continued to experience severe pain in his left foot, which

20   became extremely swollen.  *See* SAC at ¶¶ 90, 91, 93, 94, 96.  On November 11, 2008, Juan Carlos

21   had severe left foot pain and could not move his foot.  *See* SAC at ¶ 101.  He began experiencing

22   chest pains, and was transported to the emergency room at Kern County Medical Center, where he

23   suffered cardiorespiratory arrest and died.  *See* SAC at ¶¶ 102, 104, 105.

24        Plaintiff Teofilo Miranda was incarcerated by Immigration and Customs Enforcement from

25   September 18, 2008 to December 4, 2008.  *See* SAC at ¶¶ 109, 133, 134.  On several occasions,

26   federal and county medical providers, and medical personnel acting as agents for the federal

27   government, documented that Miranda was HIV positive and required medications to guard against

28   life-threatening infections or even death.  *See e.g.,* SAC at ¶ 112, 113, 114, 115, 118, 121, 122, 124,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   130, 133.  Nevertheless, Miranda did not receive the medical care, treatment and medications

2   required for his chronic condition.  *See e.g.,* SAC at ¶¶ 114, 115, 118, 121, 122, 124, 130.

3        As a Deportation Officer responsible for detainees at Lerdo, Myrick knew or should have

4   known of the pattern of medical neglect endemic at Lerdo.  Myrick fielded complaints from

5   detainees, including complaints and grievances concerning inadequate medical care.  Nevertheless,

6   Myrick ignored the pleas from Juan Carlos' attorney regarding Juan Carlos' medical condition

7   despite his knowledge of Lerdo's poor track record.

8        Plaintiffs filed their original complaint on October 30, 2009.  Plaintiffs amended their

9   complaint on May 4, 2010.  The federal defendants filed motions to dismiss, and the Court granted

10  the motions without prejudice.  On November 5, 2010, Plaintiffs filed the SAC.

**III.   LEGAL ANALYSIS**

11

12  **A.   Standard of Review**

13       Motions to dismiss for failure to state a claim are generally viewed with disfavor as the

14  "primary objective of the legal system is to obtain determination on merits, rather than dismissal

15  based on pleadings."  *Cabo Distributing Co., Inc. v. Brady*, 821 F. Supp. 601, 608 (N.D. Cal. 1992).

16  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

17  to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S.

18  544, 570 (2007).  A claim has facial plausibility when the allegations in the complaint contain

19  "enough fact to raise a reasonable expectation that discovery will reveal evidence of" the violations

20  alleged.  *Id.* at 556.  The court must construe the pleading in the light most favorable to plaintiff and

21  resolve all doubts in plaintiffs' favor.  *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480,

22  1484 (9th Cir. 1995) ("*Symington*").  Here, the Court should deny Myrick's Motion to Dismiss

23  because the SAC contains specific facts that are sufficient to state a claim for relief against Myrick

24  that is plausible on its face.

25       Moreover, unless the court converts a motion to dismiss into one for summary judgment, or

26  the defense is apparent from matters of which a court may take judicial notice, the court cannot

27  consider material outside the complaint, including facts presented in affidavits.  *See Arpin v. Santa*

28  *Clara Valley Transp. Agency*, 261 F. 3d 912, 925 (9th Cir. 2001).  Here, Myrick attempts to rely on

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

facts contained in an affidavit submitted with his Motion. The Court should refuse to consider the outside evidence because at this early stage in the case, the parties have not engaged in discovery beyond initial disclosures. Furthermore, the federal defendants failed to include any documents in their initial disclosure, in plain violation of Rule 26. As a result, Plaintiffs have been deprived of the opportunity to investigate the facts raised in Myrick's declaration. Plaintiffs, for example, are entitled to seek discovery on the extent of Myrick's knowledge about Juan Carlos' medical condition; his review of Juan Carlos' immigration and medical files; guidelines, policies and protocols governing his obligations to respond to complaints about inadequate medical care or medical emergencies; his communications with Lerdo medical personnel about Juan Carlos, including the number and timing of communications; his knowledge regarding deficient medical care at Lerdo, and his knowledge of Plaintiff Miranda.

If evidence outside the pleadings is considered by the court at the motion to dismiss stage, the motion must be treated as one for summary judgment, and the standard changes from determining whether a claim for relief has been stated to determining whether "there is a genuine issue as to any material fact . . . and the movant is entitled to judgment as a matter of law." FRCP 56(c)(2). Myrick has not and cannot show at this point in the litigation that there are no genuine issues as to any material fact and that he is entitled to judgment as a matter of law. First, Myrick's motion, despite being titled as "in the Alternative for Summary Judgment," does not even attempt to make a showing that there are no genuine issues of material fact. Instead, the motion recites the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim.

Second, the evidence raised by Myrick in the affidavit only confirms that several genuine issues of material fact exist at this stage. Did Myrick ignore the contents of the October 24, 2008, letter he received from Ms. Tam, further exacerbating Juan Carlos' dangerous medical state, as Plaintiffs allege, or did Myrick act reasonably, as he contends? Was the information conveyed by RN Deann to Myrick on October 27, 2008, regarding Juan Carlos' condition, sufficient to show that Baires was not denied access to medical care and would be seen in an appropriate manner, as Myrick contends? Or, does the allegation that his condition had deteriorated dramatically and that by November 1, 2008, he was visibly dragging his foot behind him when he walked and the foot

looked swollen and infected, call into question Myrick's statement that he believed Juan Carlos was receiving adequate care?  Plaintiffs allege that Ms. Tam also placed a call to Myrick days before Juan Carlos' death, and that Juan Carlos' medical records show no communications from Myrick to the Lerdo medical staff, and Myrick's Declaration does not suggest there was one, making it probable that he ignored Ms. Tam's urgent call.  Therefore, even if the Court does decide to apply the summary judgment standard here, Myrick's motion should be dismissed because he has failed to show that no genuine issues of material fact exist.

Finally, if the Court decides to treat this Motion as one for summary judgment, Plaintiffs request a "reasonable opportunity to present all the material that is pertinent" under the summary judgment motion."  FRCP 12(d); *see also In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998).  This, of course, must include a reasonable opportunity to obtain documents from the federal defendants and a reasonable opportunity to conduct discovery.

**B.      Plaintiffs Have Alleged Facts Sufficient to State a *Bivens* Claim Against Myrick.**

Myrick argues that that the SAC "fails to satisfy the threshold personal involvement requirement."  Motion at 5: 6-7.  A plaintiff need not show direct, personal participation in an alleged constitutional violation to establish liability.  *Wong v. United States*, 373 F. 3d 952, 966 (9th Cir. 2004).  Instead, the requisite causal connection can be established by the defendant "setting in motion a series of acts by others, which the actor knows or reasonably should know would cause others to inflict the constitutional injury."  *Id*.  The critical question is whether it was reasonably foreseeable that the defendant's actions would lead to the alleged constitutional violation.  *Id*.

Here, Plaintiffs have pled sufficient and specific facts detailing Myrick's own actions with regard to Juan Carlos and that Myrick knew or should have known that Juan Carlos was not receiving adequate medical care.[1]  Plaintiffs allege that Myrick was a Deportation Officer responsible for detainees at Lerdo.  *See* SAC at ¶ 81.  Plaintiffs further allege that Juan Carlos' attorney urgently communicated with Myrick on multiple occasions regarding Juan Carlos' medical

---

[1]      If the Court finds that Plaintiffs did not bring *Bivens* claims against Myrick, Plaintiffs request leave to amend their complaint.

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

1   condition and the importance of his receiving HIV medications.  *See e.g.,* SAC at ¶¶ 81, 85, 97.

2   One such communication included a letter from the Chief Physician of the HIV Division at

3   Highland Hospital stressing that any interruption in Juan Carlos' HIV medications would be

4   extremely dangerous to his health.  SAC at ¶ 85.  Plaintiffs allege, however, that Myrick failed to

5   take any action, and as a result, Juan Carlos was denied the medical care he urgently needed, and

6   ultimately died.

7         Based on these allegations, it is reasonable for this Court to infer that Myrick, due to both

8   his position as a Deportation Officer and his personal involvement and responsibility for Juan

9   Carlos, knew or should have known that Juan Carlos was not receiving adequate medical care.  *See*

10  *Ashcroft v. Iqbal*, __U.S. __, 129 S. Ct. 1937, 1949 (2009) ("[a] claim has facial plausibility when

11  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

12  defendant is liable for the misconduct alleged.")  Plaintiffs have pled sufficient facts to allow the

13  court to make this inference here.

14        Myrick further argues that he was not responsible for "placing Baires at Lerdo, was not

15  responsible for providing medical care to Baires, was not responsible for obtaining Baires' medical

16  records and was not responsible for ensuring that Kern County officials at Lerdo lived up to all the

17  promises it [sic] made to the United States government in its contract to house detainees."  Motion

18  at 5:20-24.  Yet these arguments do not refute the allegations that Myrick was personally aware of

19  the unconstitutional denial of medical care to Juan Carlos and that he failed to act.  Furthermore,

20  whether or not Myrick was responsible for ensuring Juan Carlos' care is a question of fact, not a

21  question of law.  Myrick was the ICE officer assigned to Juan Carlos, thus his declaration that he

22  was not responsible for Baires' well-being raises a question of fact that cannot be resolved at this

23  stage of the pleadings.  Accordingly, Plaintiffs' have alleged sufficient facts regarding Myrick's

24  personal involvement, and the Motion to Dismiss should be denied.

25  **C.    Plaintiffs Have State a Claim for Deliberate Indifference.**

26        Not only have Plaintiffs alleged that Myrick was personally involved in the conduct alleged

27  in the complaint, but they have also stated a claim for deliberate indifference.  As a preliminary

28  matter, Plaintiffs note that deliberate indifference is not the correct standard where Juan Carlos and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Miranda, as here, were civil rather than criminal detainees.  *See Jones v. Blanas*, 393 F.3d 918, 934

2    (9th Cir. 2004) (holding that civil detainees are entitled to "more considerate" treatment than

3    criminal detainees, and therefore, "to prevail on a Fourteenth Amendment claim regarding

4    conditions of confinement, the confined individual need not prove 'deliberate indifference' on the

5    part of government officials").

6          The Supreme Court has held that the government has an affirmative duty to provide medical

7    care to those whom it incarcerates.  "[H]aving stripped [inmates] of virtually every means of self-

8    protection and foreclosed their access to outside aid, the government and its officials are not free to

9    let the state of nature take its course." *Farmer v. Brennan*, 511 U.S. 825, 833 (1970).  The

10   deliberate denial of medical care to prisoners therefore can constitute torture—a plain violation of

11   the 8th Amendment. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976) (The Eighth Amendment requires

12   the government "to provide medical care for those whom it is punishing by incarceration" because

13   failure to do so "may actually produce physical torture or a lingering death.") (internal citations

14   omitted).

15         Nevertheless, Plaintiffs have also adequately pled their claims under the deliberate

16   indifference standard:

17         The deliberate indifference standard embodies both an objective and a subjective
           prong.  Objectively, the alleged deprivation must be "sufficiently serious," in the
18         sense that "a condition of urgency, one that may produce death, degeneration, or
           extreme pain" exists….Subjectively, the charged official must act with a sufficiently
19         culpable state of mind.

20

21   *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) (internal citations omitted).

22   "Officials may not . . . consciously disregard or act with deliberate indifference toward a

23   detainee's safety by knowingly placing that person in harm's way." *Papa v. United States*,

24   281 F.3d 1004, 1010 (9th Cir. 2002).  A detainee is not required to prove that he was

25   completely denied medical care in order to state a claim of deliberate indifference. *See*

26   *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc).  Rather, where, as here,

27   officials have interfered with needed medical treatment they violate the Constitution. *See*

28   *id.; see also Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999) (prison officials'

1   alleged failure to provide prescribed medications supported a claim of deliberate

2   indifference to inmate's serious medical needs).  Thus, in order to properly plead a claim for

3   deliberate indifference, Plaintiffs must allege that Juan Carlos had objectively serious

4   medical needs that were not met, and that Myrick consciously disregarded those needs.

5          Plaintiffs have stated a claim for deliberate indifference.  The SAC lays out the "serious

6   medical needs" of Juan Carlos in detail.  SAC ¶¶ 2-4, 76-77.  "A serious medical need is 'one that

7   has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

8   person would easily recognize the necessity for a doctor's attention.'"  *Harrison v. Ash*, 539 F.3d

9   510, 518 (6th Cir. 2008).  Juan Carlos was HIV-positive, and required life-sustaining medications to

10  ensure his continued health, well-being, and survival.  *Id*.  Any layperson knows that an HIV-

11  positive detainee would require ongoing medical care and specialized medications.  Undoubtedly,

12  Juan Carlos' status as HIV-positive is enough to constitute a "sufficiently serious" medical

13  condition.

14         As discussed in Section B *supra*, Myrick was aware of Juan Carlos' serious medical needs,

15  and yet disregarded these needs on a continuous basis.  The SAC contains allegations that Myrick

16  was aware of Juan Carlos' medical condition and his urgent need for HIV medications, and that

17  Myrick was aware of the risk of serious injury or death if Juan Carlos did not receive HIV

18  medication.  Despite being aware of the risks to Juan Carlos' safety and well-being, Myrick

19  consciously disregarded Juan Carlos' serious medical needs.

20         Furthermore, it unconstitutional for governmental officials to place prisoners (or even

21  private citizens) in harm's way.  *Penilla v. City of Huntington Park*, 115 F.3d 707, 709 (9th Cir.

22  1997) ("[W]hen a state officer's conduct places a person in peril in deliberate indifference to their

23  safety, that conduct creates a constitutional claim.").  Here, Plaintiffs allege that Myrick deliberately

24  denied medical care for both Juan Carlos, thereby subjecting them to the risk of serious illness and

25  death.  This in itself is sufficient o state a claim for violation of Juan Carlos' and Miranda's

26  constitutional rights.  *See L.W. v. Grubbs,* 974 F.2d 119 (9th Cir. 1992), *cert. denied,* 508 U.S. 951,

27  113 S.Ct. 2442, 124 L.Ed.2d 660 (1993) (concluding a valid section 1983 claim existed against a

28  supervisor at a state facility who placed plaintiff in danger by assigning her to work with an inmate

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT

1  sex offender who had a history of violent assaults against women; he subsequently raped and

2  kidnapped her); *Wood v. Ostrander,* 879 F.2d 583 (9th Cir.1989), *cert. denied,* 498 U.S. 938, 111

3  S.Ct. 341, 112 L.Ed.2d 305 (1990) (concluding that a valid section 1983 claim existed against a

4  state police officer who caused a woman to be stranded in a high-crime area at night where she was

5  subsequently raped).

6        Accordingly, Plaintiffs have stated a claim for deliberate indifference.

7  **IV.   CONCLUSION**

8        Based on the foregoing, Plaintiffs respectfully request that this court deny Defendant Brian

9  Myrick's Motion to Dismiss, or In the Alternative, For Summary Judgment, in its entirety.  If the

10  Court grants Myrick's Motion to Dismiss, Plaintiffs respectfully request that the Court grant leave

11  to amend.

12

13        DATED:  February 18, 2011.

14                                    REED SMITH LLP

15

16                                  By_____/s/ Jayne E. Fleming_____

17                                      Jayne E. Fleming
                                    Attorneys for Plaintiffs
                                    Dora Baires, individually, and on behalf of the

18                                      estate of Juan Carlos Baires; and Teofilo Miranda

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

PLAINTIFFS' OPPOSITION TO BRIAN MYRICK'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT