IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA BAIRES, et al., | No. C 09-05171 CRB |
| Plaintiffs, | **ORDER REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| THE UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

Defendants in this case filed four motions for summary judgment. As the Court held from the bench, it GRANTS in part and DENIES in part those motions, as follows.

As to the County's Motion for Summary Judgment pertaining to Plaintiff Teofilo Miranda (dkt. 210), the Court GRANTS the Motion as to the IIED, negligence, and medical malpractice claims,[1] as well as the federal claims.

As to the County's Motion for Summary Judgment pertaining to Plaintiff Dora Baires (dkt. 209) , the Court GRANTS the Motion as to the survival claim, IIED claim, NIED claim, negligence claim <u>other than the failure to summon medical care</u>, medical malpractice claim <u>against the County</u>,[2] wrongful death claim against both the County and Dr. Mostofi, and punitive damages <u>against the County</u>, and DENIES the Motion as to all remaining claims.

---

[1] Plaintiffs' counsel confirmed at the motion hearing that Miranda is no longer pursuing a medical malpractice claim against Dr. Mostofi.

[2] Baires's medical malpractice claim against Dr. Mostofi remains viable.

As to Brian Myrick's Motion for Summary Judgment (dkt. 211), the Court GRANTS the Motion as to Miranda, and DENIES the Motion as to Baires. The Court finds that there is a genuine issue of material fact as to whether Myrick was deliberately indifferent to Baires's serious medical needs, and so the Court is prevented from making a determination as to qualified immunity at this time.[3]

As to the federal government's Motion for Judgment on the Pleadings or, in the Alternative, for Summary Judgment (dkt. 192), that Motion is DENIED. At the motion hearing, the government requested clarity regarding the source of the federal employees' non-discretionary obligations. In their opposition to the government's motion, Plaintiffs identified numerous non-discretionary duties with which the government did not comply, including but not limited to the requirement that ICE not close review of a facility until all deficiencies have been addressed and corrected. See Opp'n (dkt. 197) at 22-31. Despite Lerdo's assertion that it could not conduct medical evaluations within fourteen days of a detainee's arrival, ICE closed its review of the facility, in violation of federal guidelines. See Ruby Decl., Ex. 18 at 70-4; Ex. 19 at USA-002716; Ex. 33 at USA-002069-70, USA-002095.[4]

**IT IS SO ORDERED.**

Dated: December 13, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[3] There is no question that the right involved here was clearly established. See Kelley v. Borg, 60 F.3d 664, 666-67 (9th Cir. 1995) (right not to have prison officials be deliberately indifferent to serious medical needs is clearly established).

[4] To the extent that the government seeks clarification on the basis of state law liability for the violation of those non-discretionary duties, see 28 U.S.C. § 1346(b)(1) (under the FTCA, federal district courts have jurisdiction over claims against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant" under State law where the injury occurred), Plaintiffs have alleged negligence under California Civil Code section 1714, see Opp'n at 34. As the Court has previously held, Plaintiffs sufficiently state a claim for negligence under the FTCA. See Order Granting in Part and Denying in Part Motion to Dismiss Third Amended Complaint (dkt. 138) at 16.