IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORA BAIRES, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. C 09-05171 CRB<br><br>**ORDER CLARIFYING ORDER REGARDING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |

  Defendants the County of Kern, Kern County Sheriff's Department, Kern Medical Center, Lerdo Detention Facility, Sheriff Youngblood and Knosrow Mostofi, M.D. (collectively, "County Defendants") have filed a Request for Clarification of the Court's December 13, 2013 Order Regarding Defendants' Motions for Summary Judgment ("Order," dkt. 244). See Request (dkt. 246). Plaintiffs have filed a Response to that Request, arguing that "[t]here is little need for clarification as most points raised by defendants' filing are undisputed." See Response (dkt. 247) at 1. Plaintiffs nonetheless seek clarification of three points related to Defendants' Request. See id. at 2-5.

  Accordingly, the Court clarifies the Order as follows.

First, because the County Defendants moved for summary judgment collectively, unless otherwise stated,[1] references to "the County" in the Order "appl[y] to each of the Kern County Defendants against which claims were made." See Request at 1. Thus, for example, when the Court granted the County's Miranda motion on the IIED claim, see Order at 1, that ruling applied to Kern County, Kern County Sheriff's Department, Kern Medical Center, Lerdo Detention Facility, Sheriff Youngblood and Dr. Mostofi.

Second, in granting the County Defendants' Baires motion "as to . . . punitive damages against the County," see id., the Court agreed with the County Defendants' only argument as to punitive damages, which was that Baires cannot recover such damages "against Kern County, Kern County Sheriff's Department, Lerdo Detention Facility or Kern Medical Center." See Mot. (dkt. 209) at 48 (citing City of Newport v. Fact Concert, Inc., 453 U.S. 247, 271 (1982)). The Court's holding does not apply to any other County Defendants.

Third, in granting the County Defendants' Baires motion "as to the . . . negligence claim other than the failure to summon medical care," see Order at 1, the Court did not grant summary judgment for any County Defendants on the failure to summon medical care (Cal. Gov. Code § 845.6) claim.

Fourth, in granting the County Defendants' Baires motion "as to the survival claim," id., the Court disposed of the survival claim as to all County Defendants, without exception.[2]

Finally, in denying the County Defendants' Baires motion "as to all remaining claims," id., the Court did not grant summary judgment for any County Defendants on Baires's deliberate indifference claim. The Court did not specify whether it found persuasive Baires's argument that the County Defendants aside from Mostofi are liable because Mostofi was a final policymaker, or Baires's argument that there was a County policy of deliberate

---

[1] See, e.g., Order at 1 n.2 (carving out Baires's medical malpractice claim against Dr. Mostofi as remaining viable, despite Court's grant of summary judgment on medical malpractice claim against the other County Defendants).

[2] The Court notes that Plaintiffs did not even address the survival claim in their opposition brief. See generally Opp'n to MSJ (dkt. 216).

2

indifference.  <u>See</u> Opp'n to MSJ at 31-37.  The Court now clarifies that it does not find that Mostofi was a final policymaker.

**IT IS SO ORDERED.**

Dated: January 10, 2014



CHARLES  R. BREYER

UNITED STATES DISTRICT JUDGE